Argued May 23, reversed August 1, 1978

PLANE, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 77-1352-E-1, CA 9676)

582 P2d 11

Lyle Velure, Medford, argued the cause for appellant. On the brief were John L. Klor, Jerry E. Gastineau, and Collins, Velure & Heysell, Medford.

Earl Preston, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and Brian L. Pocock, Associate Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The sole issue presented in this workers' compensation appeal is the extent of claimant's disability.

Claimant, aged 64, was employed as a property assessor when, in March, 1974, he injured his back while moving a desk. Claimant's condition was initially diagnosed as low back strain superimposed on degenerative changes. His condition became worse and in August, 1974, he was found to be suffering from low back pain and soreness which radiated into his hips, with intermittent pain in the posterior of his legs. Claimant ceased working in August, 1974. He began to undergo treatment by an orthopedist, who stated, in November, 1974, the following:

"* * * I don't feel he is going to be able to return to his previous occupation * * *. I feel he is disabled sufficiently to warrant permanent total disability * * *."

Claimant was referred to a medical group, Orthopedic Consultants, in September, 1975. It made the following findings about the claimant:

"* * * We do not think DVR referral here is in order in a man who is 64 years of age and obviously not motivated to make himself available for the work market. We think that he would be capable of doing sedentary to light activities in the form of sales work for which he has been trained. From a practical standpoint we do not feel that this man will return to the labor market in any form by virtue of his age, his aging process, his lack of motivation and to some degree his disability. We feel that this total loss of function as it exists today would be described as moderate and loss of function due to his injury as being mildly moderate. This is based upon the objective orthopedic findings."

Dr. Robinson, a member of Orthopedic Consultants, indicated that the claimant was exaggerating his condition:

"* * * [W]e put him down as moderate, because we felt that he was not cooperating a hundred percent in allowing us to come to a good evaluation of his condition, because he was resisting us.

"Now through his examination—during this whole examination—he was grunting and wincing and carrying on quite theatrically during this examination * * *."

The Determination Order awarded the claimant 30 percent unscheduled low back disability. At a hearing held on appeal of this order, the referee awarded claimant 75 percent unscheduled disability. The referee stated:

"Claimant has a high school diploma together with a certificate for completion of a special assessor's training course. This work experience included driving all kinds of trucks and heavy equipment including such as bulldozers. He also has worked on a farm and has sold real estate and vacuum cleaners.

"Taking into account claimant's age, education, training and potential, together with the residuals of the injury superimposed on the pre-existing condition, I conclude that claimant has suffered a permanent loss of wage earning capacity of approximately 75 percent. Despite his age, I still believe there is work he could do. True, he is 64 years and close to the generally accepted retirement age of 65. However, with his intelligence and knowledge, he has skills beyond the typical low back syndrome case.

"There was evidence sufficient to show that claimant's motivation does not meet the standards required to provide him with permanent total disability."

The Board modified the order of the referee, stating:

"The Board, on de novo review, finds that the medical evidence clearly indicates claimant's disability is no more than mildly moderate. Furthermore, much of the wage earning capacity which claimant has lost is due to his desire to retire rather than to his industrial injury.

"The Board concludes that claimant would be adequately compensated for his loss of wage earning capacity due to his industrial injury by an award of 176° for 55% unscheduled disability."

The circuit court reinstated the order of the referee.

On appeal the claimant argues that the evidence demonstrates that he is permanently and totally disabled. The State Accident Insurance Fund argues

that the circuit court should not have disturbed the order of the Board.

Our review leads us to conclude that this is a case in which we should defer to the expertise of the Board. *Hart v. SAIF*, 31 Or App 181, 185, 570 P2d 92 (1977). The Board's order should be reinstated.

Reversed.